Matter of Maio (2024 NY Slip Op 03665)

Matter of Maio

2024 NY Slip Op 03665

Decided on July 3, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, NOWAK, DELCONTE, AND KEANE, JJ. (Filed May 17, 2024) 

&em;

[*1]MATTER OF STEVEN P. MAIO, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 10, 1991, and he maintains an office in Corning. In October 2023, the Grievance Committee filed a petition alleging against respondent six charges of professional misconduct, including engaging in illegal conduct that adversely reflects on his fitness as a lawyer, offering to exchange legal services for sexual relations, falsely notarizing a legal document, and making public statements to improperly influence a tribunal or public official. Although respondent was personally served with the petition in early October 2023, he failed to file an answer thereto or to request from this Court an extension of time in which to do so. The Grievance Committee subsequently filed a motion for an order, inter alia, finding respondent in default. Although respondent was personally served with the motion in November 2023, and his personal appearance was required on the return date thereof pursuant to 22 NYCRR 1020.8 (c), respondent failed to respond to the motion or appear on the return date. Consequently, by order entered January 17, 2024, this Court granted the motion of the Grievance Committee, found respondent in default, deemed admitted the charges of misconduct, and scheduled an appearance for respondent to be heard in mitigation. However, respondent failed to file a written response to the Court's order or to appear before the Court to present matters in mitigation.
The charges in the petition relate to an indictment handed down in 2021 by a Steuben County grand jury, wherein respondent was charged with a total of 11 counts, including promoting prostitution in the third degree (Penal Law § 230.25), patronizing a person for prostitution in the third degree (Penal Law § 230.04), and conspiracy in the fifth degree (Penal Law § 105.05 [1]). In April 2022, respondent resolved all charges of the indictment by entering a plea of guilty to one count of patronizing a person for prostitution in the third degree (Penal Law § 230.04), a class A misdemeanor. In August 2022, he was sentenced to probation for a period of three years.
Charge one of the petition is primarily based on respondent's conviction. Respondent admits that, during an examination under oath conducted by the Grievance Committee in December 2022, he acknowledged that the count to which he had pleaded guilty was based on allegations that he arranged for an individual to come to his home whereupon they "did sexual things," and respondent gave that individual money.
Charges two through four pertain to certain other counts of the indictment, which were resolved upon respondent's guilty plea. With respect to charge two, respondent admits that, in June 2020, he solicited two individuals to engage in sexual conduct with him in return for a fee. With respect to charge three, respondent admits that in or around June 2020, he agreed to post an online advertisement on behalf of those individuals wherein they offered to engage in sexual conduct with others in exchange for a fee. Respondent admits that, in exchange for posting that advertisement, he expected to receive a portion of the fees that they earned in exchange for engaging in sexual conduct with others. With respect to charge four, respondent admits that in mid-2020, he was contacted by a State Police investigator posing as a potential client. Respondent admits that he told the purported client it would cost "at least $2,000" to represent her in a child custody matter. Respondent admits that when the investigator sent him a text message asking if he would take care of her purported legal matter if she had sex with him, respondent replied, "Of course." Respondent further admits that he thereafter suggested they meet at her house or a hotel and, in early August 2020, he traveled to a hotel to meet the purported client, whereupon he was arrested by law enforcement officials.
With respect to charge five, respondent admits that in or around 2020, he notarized the signature on a power of attorney granting the agent authority over the property and financial accounts of the agent's sister, who was gravely ill at the time. Respondent admits that he did not [*2]witness the principal execute the power of attorney.
With respect to charge six, respondent admits that after he was sentenced to probation based on the conviction specified in charge one, he sent to numerous judges and attorneys in Chemung and Steuben Counties a written statement wherein he accused the prosecutor of obtaining the indictment against respondent through perjured testimony. Respondent further admits that the written statement accused the prosecutor of lying to the Steuben County Legislature and illegally seizing property from other criminal defendants through coercion. During the examination under oath conducted by the Grievance Committee in December 2022, respondent admitted that he had no personal knowledge to support those allegations. Respondent further admits that he issued the written statement while he and the prosecutor were serving as counsel in various matters pending before some of the judges to whom respondent had sent the statement.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.8 (j) (1) (i)—requiring or demanding sexual relations with a person as a condition of entering into or continuing any professional representation;
rule 3.5 (a) (1)—seeking to influence a judge, official, or employee of a tribunal by means prohibited by law;
rule 3.6 (a)—making an extrajudicial statement in relation to a civil or criminal matter in which he was participating, or had participated, that he knew or reasonably should have known would be disseminated by means of public communication and would have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the serious nature of respondent's admitted misconduct, which includes intentional harm or prejudice to a client or prospective client, as well as his failure to participate in the grievance investigation or the disciplinary proceeding before this Court, which evinces a disregard for his fate as an attorney (see Matter of Shaw, 180 AD3d 1, 4 [4th Dept 2019]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must sufficiently explain in that application the circumstances of his default in this matter.